ROBERT PATTERSON v. THE STATE.

No. 12562.   Delivered June 26, 1929.

The opinion states the case.

*Roswill & Roswill,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant has filed a written motion to set aside the affirmance heretofore entered in the above entitled cause and accompanies same by proper showing that the statement of facts accompanying the record was in fact filed in due time and that omission of the file date on the statement of facts mentioned in the original opinion was an error of the Clerk. Upon this showing, the original opinion is withdrawn and the case will be considered on its merits. The offense is murder, penalty thirty years.

The actors in the tragedy were all negroes. The killing happened in 1917. Appellant was a single man. Deceased, Beulah Prince, was at that time the wife of Bryant Prince. They were living together as husband and wife. Prior to the killing appellant was seen at the home of deceased several times during the absence of her husband. On the morning before she was killed that night witness Prince Freeman observed her kneeling before appellant with her hands up and heard her say, "Robert, I'm not lying to you." Another witness testified to hearing him say to deceased a short time before the killing that he would kill her if she joined the Woodman Lodge. On the Saturday night of the killing she in fact

joined the said lodge and while she was upstairs in the lodge room, apparently being initiated, appellant was down stairs and was told he would have to go. The killing apparently took place on her way home from the lodge. She ran to the home of Peter Whalen screaming and he testified she said, "Uncle Peter open the door, Robert is killing me." It was dark and no witness identified appellant. It was further shown that Robert was appellant's name and was the only Robert in that vicinity. Appellant disappeared on the night in question and was not seen in the vicinity of the killing for more than ten years, being arrested in Chicago in the fall of 1928. Appellant introduced testimony to show that he boarded a train for Kansas City about eight o'clock on the night of the tragedy, which was some three or four hours before it happened.

It is vigorously insisted that the testimony was insufficient, particularly because some of the witnesses for the State were discredited. There was testimony introduced which might have been found sufficient to entirely discredit some of the State's witnesses before the jury. Their credibility, however, is a matter that has been vested by law in the jurors who saw and heard them and we are not able to say that the jury had no basis for the credence given the testimony of the State's witnesses. While the evidence is not strong, it is apparently sufficient to meet the demands of the law.

It is claimed by appellant that the Court erred in overruling his motion for new trial setting out newly discovered evidence. The effect of all this alleged newly discovered evidence was to impeach the witness Prince Freeman. The discretion given by law to the trial court in refusing a new trial sought to obtain newly discovered impeaching testimony is ordinarily not subject to review by this Court. Branch's P. C., Sec. 202. The facts set out in the motion show that appellant could prove by his brother and another witness that he was not the man seen at deceased's house at the time testified to by witness Prince Freeman, referred to above, and that it was a case of mistaken identity. In addition to the above we think the motion is entirely lacking in a showing of diligence. Prince Freeman does not seem to have ever been seen or talked to by counsel for appellant and no reasonable excuse is shown in the affidavit for not ascertaining in advance of the trial what his testimony would be. The motion is so clearly lacking in diligence that we do not feel it would be profitable to analyze it further. The authorities are collated by Mr. Branch in Section 198 of his Penal Code, and if these authorities are to be recognized as correctly stating the law, appellant's motion

must be overruled. See also Simms v. State, 1 Tex. Crim. App. 627; Gross v. State, 4 Tex. Crim. Rep. 249; Schultz v. State, 5 Tex. Crim. App. 390; McCue v. State, 170 S. W. 280; Leslie v. State, 49 S. W. 73.

These are the only questions in the record.

The original opinion is withdrawn and the judgment is now affirmed. This being the first opinion on the merits, the usual time is granted for filing motion for rehearing.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.